McCRARY & COMPANY, plaintiffs in error, vs. AUSTELL, INMAN & COMPANY, defendants in error.

When a mortgage of realty in Georgia, is executed in New York before a Commissioner of Deeds only, without any other witness, a Court of Chancery has jurisdiction to reform and foreclose the mortgage.

Foreclosure of mortgage. Reformation. Attestation. Before Judge JOHNSON. Talbot Superior Court. March Term, 1872.

Austell, Inman & Company filed their bill against John B. McCrary and Isaac McCrary, partners, using the firm name of McCrary & Company, containing substantially the following allegations and prayer: That on April 21st, 1870, said McCrary & Company being indebted to complainants in the sum of $2,688, made their promissory note for that amount, payable to complainants twelve months after the date thereof; that on the same day, to secure the payment of said note, said John B. and Isaac McCrary made, executed and delivered to complainants their mortgage deed to

certain lands situate in the county of Talbot; that said mortgage deed was executed in the city of New York, in the presence of Edwin F. Corey, Commissioner for the State of Georgia, to take acknowledgment of deeds, etc., resident in said city; that no other witness but the said Corey attested said mortgage deed, for the reason that it was the belief of complainants and defendants that a mortgage executed in the presence of said Corey, as Commissioner as aforesaid, and attested by him as Commissioner, would constitute a legal execution under the laws of the State of Georgia without its being attested by another witness; that since complainants have discovered the mistake, they have requested defendants to take the aforesaid mortgage deed back and to deliver to them one properly attested, which request said defendants have refused; prayer, that the said defendants may be decreed to execute to complainants a mortgage in place of the one therein described, attested in accordance with the laws of the State of Georgia; and, further, to decree that defendants do pay to complainants the sum of money due upon said note in such reasonable time as the Chancellor shall deem proper; and, upon failure so to do, that they be forever foreclosed from all right to redeem said mortgaged premises; that the writ of subpœna may issue.

Defendants demurred to the bill. The demurrer was overruled by the Court, and defendants excepted and now assign said ruling as error.

BLANDFORD & CRAWFORD; WILLIS & WILLIS, represented by W. A. LITTLE, for plaintiffs in error.

E. H. WORRILL; B. HILL, for defendants.

MONTGOMERY, Judge.

We think the facts of this case show that there was "an honest mistake of the law as to the effect of the instrument on the part of both contracting parties," and that "such mistake operates as a gross injustice to one, and gives an un-

conscious advantage to the other." The case is, therefore, relievable in equity : Code, section 3067. Equity having acquired jurisdiction to reform, will retain it to foreclose the mortgage.

Judgment affirmed.